UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELIZABETH ERIN HARVEY,

         Plaintiff,

-vs-

COMMISSIONER OF SOCIAL SECURITY,

         Defendant.

DECISION AND ORDER

17-CV-6815-CJS

## APPEARANCES

For the Plaintiff:  Timothy Hiller, Esq.
         Kenneth Hiller, Esq.
         Law Offices of Kenneth Hiller
         6000 North Bailey Avenue, Suite 1A
         Amherst, NY 14226
         Tel: (716) 564-3288

For the Defendant:  Alexander Broche, Esq.
         Social Security Administration
         Office of General Counsel
         26 Federal Plaza, Room 3904
         New York, NY 10278
         Tel: (212) 264-1331

         Kathryn L. Smith, A.U.S.A.
         United States Attorney's Office
         100 State Street, Fifth Floor
         Rochester, NY 14614
         Tel: (585) 263-6760

## INTRODUCTION

**Siragusa, J.** Elizabeth Erin Harvey ("Plaintiff") brings this action pursuant to Titles II and XII of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Supplemental Security Income ("SSI") and disability benefits. The Court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Both the Commissioner and Plaintiff

have filed motions for judgment on the pleadings. Pl.'s Mot., Jun. 18, 2018, ECF No. 8; Comm'r's Mot., Sept. 14, 2018, ECF No. 14. For the reasons stated below, the Court grants Plaintiff's motion for judgment on the pleadings, ECF No. 8, and denies the Commissioner's cross-motion for judgment on the pleadings, ECF No. 14. The Court remands this matter to the Commissioner for a new hearing.

## BACKGROUND

Plaintiff filed her applications on March 21, 2014, for SSI and disability insurance benefits alleging a disability beginning March 13, 2014. R.[1] 10.

The Commissioner denied her claim initially on July 23, 2014, and at her request, Plaintiff appeared before an Administrative Law Judge ("ALJ") in Rochester, New York, on September 20, 2016. A vocational expert also testified. Justin Goldstein, Esq., represented Plaintiff. R. 10.

The ALJ issued a twelve-page decision dated January 31, 2017, finding that Plaintiff was capable of light work and was, therefore, not disabled. R. 21. The Appeals Council denied Plaintiff's appeal on September 20, 2017, making the ALJ's decision the final decision of the Commissioner. R. 1. Plaintiff filed suit on November 27, 2017, ECF No. 1, and the Court heard oral argument on February 28, 2019.

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). The section directs that

---

[1] R. refers to the certified record of proceedings filed on February 5, 2018, ECF No. 8.

when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

When determining whether substantial evidence supports the Commissioner's findings, the Court's task is "to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). Section 405(g) limits the scope of the Court's review to two inquiries: determining whether the Commissioner's findings were supported by substantial evidence in the record as a whole, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green—Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo* ).

Under Rule 12(c), the Court may grant judgment on the pleadings where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988).

## ANALYSIS

On August 16, 2016, John Marino, M.D., Plaintiff's treating psychiatrist, completed a Mental Medical Source Statement concerning Plaintiff, whom he had been treating monthly since 2014. His detailed report concluded that she could engage in full-time competitive

3

employment on a sustained basis, "provided the work place is an environment in which she feels low stress." R. 370. In discussing Dr. Marino's opinion, the ALJ gave it significant weight "based on the doctor's treating relationship with the claimant." Plaintiff complains that although the ALJ gave Dr. Marino's opinion significant weight, he failed "to explain why material elements of that opinion have not been adopted" in the RFC assessment. Pl.'s Mem. of Law 9, Jun. 18, 2018, ECF No. 8-1. Specifically, "the ALJ did not find that Ms. Harvey would be off task for 15 percent of an 8-hour workday…, miss about two days of work per month…" or discuss her inability to perform work for less than 10% of an 8-hour workday. *Id*. 8; R. 370 (missing about two days of work per month), 369 (off task about 15% of an 8-horu day), and 368 (carry out short and simple instructions).

The ALJ's RFC determination is as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant is occasionally able to lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk about six hours in an eight hour day; sit about six hours in an eight hour day; occasionally push and/or pull 20 pounds; occasionally climb ramps and/or stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders ropes scaffolds; avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants; understand, remember, and carry out simple instructions and tasks; occasionally interact with co-workers and supervisors; little to no contact with the general public: able to work in a low stress work environment (*i.e.* no supervisory duties, no independent decision-making required, no strict production quotas, minimal changes in work routine and processes, etc.); and able to consistently maintain concentration and focus for up to two hours at a time.

R. 15. Dr. Marino's statement supports the RFC assessment. However, the ALJ's assessment does not consider the items Plaintiff enumerated. It fails to reflect that she would be off task 15% of an 8-hour workday (1 hour and 12 minutes per day), R. 369, or that she would miss about two days per month of work, R. 370.

4

LCSWR[2] Jeffrey S. Young ("Young") had been treating Plaintiff off and on since January of 2015 and on September 14, 2016, submitted a Mental Medical Source Statement. R. 372–76. In his statement, LCSWR Young indicated that when in a bipolar state or experiencing a bipolar episode, Plaintiff was likely to miss about four days per month from work, R. 376, that in an 8-hour work day, she would be off task about 20% (about 1½ hours) of the day, R. 375, and that she would not be able to maintain attention for two hour segments about 11% to 20% of an 8-hour workday, R. 374. In assessing Young's opinion, the ALJ wrote: "Only limited weight is given to the opinion of Mr. Young because it is not consistent with the evidence of record. Specifically, it is not consistent with the opinion of Dr. Marino." R. 18.

Notwithstanding that both Dr. Marino, to whom the ALJ accredited great weight, and Young, to whom the ALJ gave limited weight, *both* stated that Plaintiff would be out of work days per month, and off task at least an hour each day, the ALJ's decision makes no mention of these elements of both statements. The ALJ fails to explain his rejection of those aspects of, especially, Dr. Marino's statement, which he evidently relied upon a great deal in forming his RFC. The Court finds that Dr. Marino's conclusion, that Plaintiff could sustain full time work (although he recommended she begin with part time work and slowly move to full time), is inconsistent with his conclusion that she would be off task 15% of the day, and miss two days per month, two factors that her treating psychotherapist also noted, although with greater off task and days missed numbers.

---

[2] *See Miranda v. Colvin*, No. 13-CV-03264 PKC, 2014 WL 5786944, at *3 (S.D.N.Y. Nov. 6, 2014) ("Licensed Clinical Social Worker in Psychotherapy ('LCSWR')."

It is not as if the ALJ overlooked the off task and days missed issue. When questioning the vocational expert, the ALJ specifically asked about a limitation of missing four[3] days of work per month, R. 46, and the vocational expert noted there would be no jobs she could perform if he added that qualifier to his hypothetical. Plaintiff's attorney addressed the off task issue and elicited from the vocational expert that anything more than an off task percentage of 15% would be problematic. R. 47. However, when the attorney asked about both being off task 15% of an 8-hour workday, *and* missing two days of work per month, the expert replied, "it's going to eliminate 90 percent of all jobs so functionally there wouldn't be many jobs." R. 47. Plaintiff's counsel also asked the effect of the RFC being reduced to sedentary, but Plaintiff would be off task 15% of an 8-hour day, and the expert replied: "At the sedentary [level] I mean again there will be a marginal number of jobs. 15 percent off task is going to eliminate 80 to 90 percent. 20 percent will eliminate everything." R. 48.

The district court in *Smith v. Bowen*, 687 F. Supp. 902, 904–05 (S.D.N.Y. 1988), evaluated a similar situation in which the ALJ there picked out statements from a treating source that supported his RFC determination, while ignoring opinions from the same source that contradicted it:

> Although the ALJ is not required to reconcile every ambiguity and inconsistency of medical testimony, *Ferraris v. Heckler,* 728 F.2d 582, 587 (2d Cir. 1984), he cannot pick and choose evidence that supports a particular conclusion. *Fiorello v. Heckler,* 725 F.2d 174, 175–76 (2d Cir. 1983); *Ceballos, supra,* 649 F. Supp at 700. His "failure to acknowledge relevant evidence or to explain its implicit rejection is plain error." *Ceballos, supra,* 649 F. Supp. at 702 (citing *Valente v. Secretary of Health and Human Services,* 733 F.2d 1037, 1045 (2d Cir. 1984)).

*Smith*, 687 F. Supp. at 904–05. The Court is concerned that the ALJ's reliance on the portions of Dr. Marino's report that supported his RFC determination failed to account for the portions

---

[3] The ALJ did not inquire about the effect of missing two days of work per month.

that did not. To the extent that the ALJ found Dr. Marino's conclusion about Plaintiff's ability to work inconsistent with portions of his statement, the ALJ was duty bound to seek clarification. *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). This duty applies even, as here, when counsel represents a plaintiff. *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996). To the extent that the ALJ relied solely on Dr. Marino's conclusion that Plaintiff could engage in full time work, he abdicated his responsibility to make an independent RFC based on the medical opinions in the Record.

The Commissioner's memorandum explains that the ALJ relied on other medical evidence in the record to support his exclusion of Dr. Marino's limitations, and that he also relied on Plaintiff's own testimony. Comm'r Mem. of Law 19, Sept. 14, 2018, [ECF No. 14-1](). However, the two individuals who provided Plaintiff's treatment and counseling were both in agreement in their assessment of the limitations in her ability to perform tasks required in the work environment. Further, as the treating physician, Dr. Marino's assessment would generally be given deference. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). The only other medical source statements concerning Plaintiff's mental health were from Dr. Lin, who saw her only once, and T. Inman-Dundon, Ph.D., who never examined her. The ALJ's apparent rejection of Dr. Marino's noted limitations requires explanation.

The Court recognizes that "'where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment.'' *Walker v. Astrue,* No. 08–CV–0828, 2010 WL 2629832, at *7 (W.D.N.Y. June 11, 2010) (quoting *Manso–Pizarro v. Sec'y of Health and Human Servs.,* 76 F.3d 15, 17 (1st Cir. 1996)).'" *House v. Astrue*, No. 5:11-CV-915 GLS, 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013). That situation is not present here.

Accordingly, the Court finds that substantial evidence does not support the ALJ's RFC determination. Thus, the Court reverses the Commissioner's decision and remands the case pursuant to the fourth sentence of 42 U.S.C. § 405(g).

## CONCLUSION

For the foregoing reasons, the Court reverses the Commissioner's decision and remands this matter for a new hearing pursuant to the fourth sentence of 42 U.S.C. § 405(g).

DATED:     March 4, 2019
               Rochester, New York

                                             <u>/s/ Charles J. Siragusa</u>
                                             CHARLES J. SIRAGUSA
                                             United States District Judge